IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | 4:13CV3105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, BRAIN GAGE, and DEPARTMENT OF CORRECTIONAL SERVICES, et. al., | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On June 12, 2013, the court required Plaintiff to show cause to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 6.) In response, Plaintiff filed a Motion for Leave to Proceed IFP. (Filing No. 7.) The court has carefully reviewed Plaintiff's Motion and finds that this matter should be dismissed.

## I.   BACKGROUND

On May 28, 2013, while incarcerated, Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2). On June 12, 2013, the court determined that Plaintiff was not permitted to proceed IFP without first meeting the provisions set forth in § 1915(g). (Filing No. 6.) The court based this determination on the finding that Plaintiff brought three cases,[1] while incarcerated, that were dismissed because they failed to state a claim upon which relief could be granted.

---

[1] *Castonguay v. Douglas County Attorney Office*, No. 8:09CV392 (D. Neb.), dismissed on April 9, 2010. (Case No. 8:09CV392, Filing Nos. 11 and 12.) *Castonguay v. Douglas County Correction Center*, No. 8:09CV225 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV225, Filing Nos. 14 and 15.) *Castonguay v. State of Nebraska*, No. 8:09CV221 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV221, Filing Nos. 15 and 16.)

The court ordered Plaintiff to either show cause to proceed IFP or pay the full $350 filing fee. (Filing No. 6.) The court informed Plaintiff that if he failed to show cause or pay the $350 filing fee by July 12, 2013, his case would be dismissed without further notice. (*Id*. at CM/ECF p. 2.) On June 27, 2013, Plaintiff filed a second Motion for Leave to Proceed IFP. (Filing No. 7.)

## II.  ANALYSIS

A prisoner may not bring a civil action and proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its June 12, 2013, Memorandum and Order, the court ordered Plaintiff to explain why his case should not be dismissed pursuant to § 1915(g). (Filing No. 6.) In doing so, the court identified three of Plaintiff's cases that were dismissed because Plaintiff failed to state a claim upon which relief may be granted. (*Id*. at CM/ECF p. 1.) In order for Plaintiff to proceed IFP he needed to show that one of these three cases did not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his second Motion for Leave to Proceed IFP, Plaintiff does not deny that, while incarcerated, he filed three cases that failed to state a claim upon which relief may be granted. However, he arguably alleges that Defendants have placed him in "physical danger by holding [him] in their custody without properly identifying [him] through DNA Identification." (Filing No. 7 at CM/ECF pp. 1-2.)

The Eighth Amendment of the U.S. Constitution prohibits the "unnecessary and wanton infliction of pain." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Phillips v.*

2

*Norris*, 320 F.3d 844, 848 (8th Cir. 2003). To establish an Eighth Amendment claim, a plaintiff must allege that a defendant denied him "the minimal civilized measure of life's necessities," or incarcerated him under conditions "posing a substantial risk of serious harm." *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citation and internal quotation marks omitted).

Here, Plaintiff does not allege that he is being denied any of life's necessities or that he was harmed. In short, Plaintiff's allegation that he is being held without proper DNA identification does not establish that he is in any imminent danger of physical injury. Because Plaintiff is not entitled to proceed IFP, and has not paid the full $350 filing fee, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice. All pending motions are denied as moot.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 17th day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.